21-2752-cv
*IAM National Pension Fund, et al. v. Farfetch Limited, Jose Neves, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
SUSAN L. CARNEY,
BETH ROBINSON,
          *Circuit Judges.*

---

IAM NATIONAL PENSION FUND,
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM,
          *Lead Plaintiffs-Appellants,*                    21-2752-cv

JEFF OMDAHL, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,
          *Plaintiff,*

                    v.

FARFETCH LIMITED, JOSE NEVES, ELLIOT
JORDAN, FREDERIC COURT, DANA EVAN,
JONATHAN KAMALUDDIN, RICHARD LIU,
NATALIE MASSENET, JONATHAN
NEWHOUSE, DANIEL RIMER, MICHAEL
RISMAN, DAVID ROSENBLATT, GOLDMAN
SACHS & CO. LLC, J.P. MORGAN SECURITIES
LLC, ALLEN & COMPANY LLC, UBS
SECURITIES LLC, CREDIT SUISSE SECURITIES
(USA) LLC, DEUTSCHE BANK SECURITIES

1

INC., WELLS FARGO SECURITIES, LLC,
COWEN AND COMPANY, LLC, BNP PARIBAS
SECURITIES CORP., ANDREW ROBB,
                    *Defendants-Appellees.*

---

**FOR LEAD PLAINTIFF-APPELLANT I.A.M.
NATIONAL PENSION FUND AND LEAD
COUNSEL FOR THE CLASS:**

LAUREN A. ORMSBEE, (John C. Browne,
Michael M. Mathai, *on the brief*), Bernstein
Litowitz Berger & Grossmann LLP, New
York, NY.

**FOR LEAD PLAINTIFF-APPELLANT
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM AND
LEAD COUNSEL FOR THE CLASS:**

Gregory M. Castaldo, Joshua E.
D'Ancona, Michelle M. Newcomer,
Kessler Topaz Meltzer & Check, LLP,
Radnor, PA.

**FOR DEFENDANTS-APPELLEES
FARFETCH LIMITED, JOSÉ NEVES, ELLIOT
JORDAN, FREDERIC COURT, DANA EVAN,
JONATHAN KAMALUDDIN, RICHARD LIU,
NATALIE MASSENET, JONATHAN
NEWHOUSE, DANIEL RIMER, MICHAEL
RISMAN, DAVID ROSENBLATT AND
ANDREW ROBB:**

ROMAN MARTINEZ, (Peter E. Davis, Jeff
G. Hammel, Jason C. Hegt, Jooyoung
Yeu, *on the brief*), Latham & Watkins LLP,
Washington, DC, and New York, NY.

**FOR DEFENDANTS-APPELLEES
GOLDMAN SACHS & CO. LLC, J.P. MORGAN
SECURITIES LLC, ALLEN & COMPANY LLC,
UBS SECURITIES LLC, CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE BANK
SECURITIES INC., WELLS FARGO
SECURITIES, LLC, COWEN AND COMPANY,
LLC, AND BNP PARIBAS SECURITIES
CORP.:**

Todd G. Cosenza, Vanessa C. Richardson,
*on the brief*, Willkie Farr & Gallagher LLP,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York. (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on September 30, 2021 be and hereby is **AFFIRMED**.

Plaintiffs-Appellants International Association of Machinists ("IAM") and Oklahoma Firefighters Pension and Retirement System ("Plaintiffs") appeal from the judgment dismissing their Consolidated Amended Complaint (the "Complaint") for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs, both pension plans that purchased Defendant Farfetch Limited's stock following its initial public offering in September 2018, asserted claims on behalf of a putative class under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 against Farfetch Limited ("Farfetch" or the "Company"), and three of its executives: (1) CEO and founder Jose Neves; (2) CFO Elliot Jordan, and (3) COO Andrew Robb (together, "Officer Defendants"). Plaintiffs also brought claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 against Farfetch, the Officer Defendants, the Director Defendants, Compl. ¶¶ 423–32, and the Underwriter Defendants, *id.* at ¶¶ 433–44. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review the District Court's dismissal *de novo*, "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## I.      Exchange Act Claims

To state a claim under Section 10(b), "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 149–50 (2d Cir. 2021) (quoting *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020)). Securities fraud claims must also satisfy the pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act. *See* Fed. R. Civ. P. 9(b); *ATSI*, 493 F.3d at 99.

Here, the District Court concluded that the Complaint failed to adequately allege scienter as to any alleged misstatement or omission and dismissed the Section 10(b) claims. We agree with the District Court that Plaintiffs failed to show scienter, and we affirm dismissal of the Section 10(b) claims on that ground.

Having affirmed dismissal of the Section 10(b) claims, we also affirm dismissal of the Sections 20(a) and 20A claims. *See Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 356 (2d Cir. 2022) (explaining that "[t]o state a claim under Sections 20(a) and 20A of the Exchange Act, a plaintiff must allege a primary violation, such as one under Section 10(b) and Rule 10b-5").

## II. Securities Act Claims

Unlike Exchange Act claims, claims under the Securities Act require only that a plaintiff point to "a material misstatement of fact or an omission to state a fact that renders a statement made materially misleading" in registration statements (under Section 11) or in prospectuses and oral communications (under Section 12(a)(2)). *See Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014). Below, the District Court correctly noted that, although claims under Sections 11 and 12(a) of the Securities Act are ordinarily subject to the pleading standards of Federal Rule of Civil Procedure 8(a), allegations that sound in fraud are subject to the heightened pleading standard of Rule 9(b) even though *scienter* is not an element of the Securities Act claims. *See* Spec. App'x 17 n.3 (citing *Rombach v. Chang*, 355 F.3d 164, 171–72 (2d Cir. 2004)). We need not decide, however, whether each statement Plaintiffs challenge under the Securities Act falls within this exception because the Complaint fails to plead a material misstatement or omission even under the Rule 8(a) standard.

On *de novo* review, we agree that the District Court rightly dismissed all Securities Act primary violation claims. First, regarding Plaintiffs' claim that the Company's purported adherence to the International Financial Reporting Standards ("IFRS") was materially false or misleading, Compl. ¶¶ 445–59, any such false or misleading statement was immaterial: Farfetch's Prospectus provided a graphic and numeric breakdown of 2017 first-party revenues, *see* J.A. 512, and the Complaint fails to explain why a deviation from the IFRS standards as to reporting of the first-party business would be material in light of the 2017 revenue disclosures. Second, concerning Plaintiffs' argument that the Company "did not hold the belief" that Adjusted Platform Revenue ("APR") "best represents the economic value being generated by the platform," *id.* at ¶¶ 142, 472–74, any such false or misleading statement was likewise not material: Farfetch acknowledged its substantial expenses relating to marketing and defined how the APR and Platform Fulfillment Revenue metrics were calculated, *see* J.A. 467, 439–40. As to all remaining allegedly false or misleading statements, we affirm dismissal for the reasons articulated by the District Court.

Having affirmed dismissal of all Securities Act primary violation claims, we also affirm dismissal of the Section 15 claims. *See Rombach*, 355 F.3d at 177–78.

4

### III.    Conclusion

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the District Court's dismissal of the Complaint.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk